```
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF FLORIDA

                                      CASE NO. 09-20045-CIV-HUCK
                                      MAGISTRATE JUDGE P.A. WHITE
```

DWIGHT D. NIXON,                      :

       Plaintiff,                    :

v.                                    :           PRELIMINARY REPORT
                                                                                      OF MAGISTRATE JUDGE
SHARHONDA BROWN, ET AL.,              :

       Defendants.                   :
_____

## I. Introduction

On January 8, 2009, the plaintiff Dwight D. Nixon filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding _in forma pauperis_. [DE# 4].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding _in forma pauperis_.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>                          *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

>          \* \* \*
>
> (B) the action or appeal –
>
>          \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff seeks to sue Metro West Detention Center Correctional Officer Sharhonda Brown and Timothy Ryan, Director, Miami-Dade Corrections and Rehabilitation Department.  The

plaintiff alleges that on November 7, 2008 Brown refused to permit him to practice his religion by engaging in prayer and on another occasion Brown confiscated his Kufi during prayer. The plaintiff raises no claims of constitutional wrongdoing against Ryan. He alleges that Ryan has negligently failed to train Brown and he asks that Ryan provide a religious studies course for his officers. He also seeks monetary damages.

### Director Ryan

The plaintiff raises no specific allegations of wrongdoing against Director Ryan with regard to the alleged denial of his constitutional right to the free exercise of religion. The plaintiff cannot include him as a defendant in this action because he holds a supervisory position. This he cannot do. Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

Under appropriate circumstances the failure to adequately train or supervise may give rise to a claim cognizable under §1983, see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). Mere conclusory allegations of failure to train, however, are not enough; and the courts have generally held that there is no affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of

a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. See <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133-34 (3 Cir. 1986).  The Eleventh Circuit has held that nothing less than a showing of gross negligence is required to establish liability for inadequate training. <u>Cannon v. Taylor</u>, 782 F.2d 947, 951 (11 Cir. 1986).

Moreover, the courts have required that the plaintiff must "identify a deficiency in a training program closely related to the injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'" <u>Gordon v. Kidd</u>, 971 F.2d 1087, 1097 (4 Cir. 1992) (quoting <u>City of Canton</u>, <u>supra</u>, 489 U.S. at 391).  Finally, in order to recover on a claim of failure to train, the plaintiff must show 1) that the [supervisor] failed to train, 2) that a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and 3) that such failure to supervise or train amounted to gross negligence or deliberate indifference. <u>Hinshaw v. Doffer</u>, 785 F.2d 1260, 1263 (5 Cir. 1986).

The plaintiff has not satisfied these requirements because he raises only unsupported and conclusory allegations of failure to supervise and failure to train, which is insufficient to state a constitutional claim.  The plaintiff does not allege facts that tend to show that there was any gross negligence or deliberate indifference on the part of Ryan that resulted in any deprivation of constitutional rights.

5

Accordingly, the complaint against Director Ryan is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

Officer Brown

The plaintiff alleges that Brown has interfered with his right to the free exercise of his religion by refusing to let him pray and confiscating his Kufi.

The First Amendment, made applicable to the States through the Fourteenth Amendment, "safeguards the free exercise of [one's] chosen form of religion." Cantwell v. State of Connecticut, 310 U.S. 296, 303 (1940). While prisoners retain First Amendment rights, including the First Amendment right of free exercise of religion, see Cruz v. Beto, 405 U.S. 319 (1972) (per curiam), prison regulations or policies "alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (holding that the Turner v. Safley standard of review is applicable to claims that an inmate's free exercise rights have been violated). O'Lone continued the Court's admonition to give respect and deference to the judgment of prison administrators even in First Amendment challenges raised within the confines of prisons or jails. 482 U.S. at 350.[1] "[T]he Free

---

[1] In City of Boerne v. Flores, 521 U.S. 507, the Court held that the Religious Freedom Restoration Act, (RFRA), 42 U.S.C. §2000bb, et seq., was unconstitutional as exceeding Congress's authority under the Constitution. That decision required returning to the standard of review employed in O'Lone v. Shabazz, supra. Subsequently, in September 2000, Congress attempted to reinstate RFRA's protection against government burdens on religious exercise imposed by states and localities by enacting the Religious Land Use

Exercise Clause does not require states to make exceptions to neutral and generally applicable laws even when those laws significantly burden religious practices." Goshtasby v. Board of Trustees of Univ. of Ill., 141 F.3d 761, 769 (7 Cir. 1998) (citing Employment Division Department of Human Resources of Oregon v. Smith, 494 U.S. 872, 887 (1990)); see also City of Boerne, 521 U.S. 507 (Scalia, J., concurring) ("Religious exercise shall be permitted so long as it does not violate general laws governing conduct."). In other words, the kosher meal restrictions about which the plaintiff complains must target his religion alone or be intentional discrimination against members of this religion. So long as the restrictions promote a legitimate reason such as safety they do not run afoul of the constitution. At this point, there is no indication that the defendants had a legitimate reason for imposing the restrictions.

---

and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc et seq. This statute mirrored the provisions of RFRA, but its scope was limited to laws and regulations concerning land use and institutionalized persons. See 42 U.S.C. § 2000cc-1(a). RLUIPA's enactment was premised on congressional findings similar to those made for RFRA, namely, that in the absence of federal legislation, prisoners, detainees, and institutionalized mental health patients faced substantial burdens in practicing their religious faiths. See Joint Statement of Senator Hatch and Senator Kennedy, 146 Cong. Rec. S7774-01 (daily ed. July 27, 2000). In passing RLUIPA, Congress sought to avoid City of Boerne's constitutional barrier by relying on its Spending and Commerce Clause powers, rather than on its remedial powers under section 5 of the Fourteenth Amendment as it had in RFRA. See 42 U.S.C. §2000cc-1(b)(1) (establishing that Section 3 of RLUIPA applies whenever the burden at issue "is imposed in a program or activity that receives Federal financial assistance"); 42 U.S.C. §2000cc- 1(b)(2) (establishing that section 3 of RLUIPA applies in cases in which "the substantial burden [on religion] affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes").

The denial of freedom of religion claims should proceed beyond the screening and the Rule 12(b)(6) hurdles, as the plaintiff has stated a claim against Brown under the Twombly or "heightened pleading" standard. The plaintiff has not specified whether he intended to sue the defendant Brown in her individual or official capacity. A §1983 suit against the defendant in her official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant Brown in her individual capacity. Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

### III. Conclusion

Based on the foregoing, it is recommended that:

1. The Complaint proceed against the defendant Brown in her individual capacity.

2. The defendant Ryan be dismissed as a party to this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 27th day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Dwight D. Nixon, Pro Se
No. 07-0102153
Metro West Detention Center
13850 NW 41st Street
Miami, Fl 33178