```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-20045-CIV-HUCK
                              MAGISTRATE JUDGE P.A. WHITE

DWIGHT D. NIXON,           :

        Plaintiff,         :

v.                         :       REPORT OF
                                   MAGISTRATE JUDGE
SHARHONDA BROWN, et al.,   :

        Defendants.        :
_____
```

## I  INTRODUCTION

In this civil rights action pursuant to 42 U.S.C. §1983, the plaintiff Nixon has filed a *pro se* complaint alleging that on November 7, 2008, the defendant Sharhonda Brown refused to permit him to practice his religion by engaging in prayer, and alleging that on another occasion Brown confiscated his Kufi during prayer. Also named as a defendant was Timothy Ryan, Director of the Miami-Dade Corrections and Rehabilitation Department.

Following a Preliminary Report, and an Order of partial dismissal, the complaint against Ryan was dismissed, and the case was allowed to go forward against Brown.

**This Cause is now before the Court upon a motion to dismiss by defendant Brown (DE# 21).** Therein, Brown argues that: plaintiff Nixon cannot receive damages for mental anguish absent physical injury; the complaint is subject to dismissal due to lack of exhaustion of administrative remedies; plaintiff has failed to satisfy a heightened pleading standard; she [Brown] is entitled to qualified immunity; the complaint is factually and legally frivolous; and Nixon's request for injunctive relief must be stricken.

## II  DISCUSSION

Here, where the complaint was filed pro se by a plaintiff who was incarcerated, and unschooled in the law, the defendant Brown's arguments that the plaintiff has failed to satisfy the heightened

pleading standard, and that the complaint as written is factually and legally frivolous, fail.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

For reasons already discussed in the Preliminary Report, the complaint in this case is sufficient to state a claim against the defendant Brown, who has been sued both for injunctive relief and for damages, on claims that he was prevented from worshiping, and that his Kufi cap was confiscated. To the extent that Brown asserts entitlement to qualified immunity, further factual development of the record will be required before any determination can be made as to the validity of that defense.

2

The Courts have made clear that 42 U.S.C. §1997e(a), as amended, which embodies the administrative exhaustion requirement of the Prison Litigation Reform Act of 1995 (the "PLRA") now requires a prisoner to have exhausted those administrative processes which are available to him <u>before</u> bringing suit on a claim in federal court. <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1325-26 (11 Cir. 1998); <u>Booth v. Churner</u>, 532 U.S. 731, 736-41 (2001). In this case, the defendant Brown's argument that the complaint is barred under 42 U.S.C. §1997e(a), due to lack of exhaustion of available administrative remedies, is premature. The defendant argues in pertinent part that a grievance which the plaintiff submitted as an attachment to his complaint does not suffice to show that the claim raised in his §1983 pleading (deprivation of his First Amendment right to Free Exercise of his religious beliefs) was grieved by him. The Supreme Court, however, has held that failure to exhaust is an affirmative defense, and a plaintiff is not required to plead and demonstrate exhaustion of remedies in his complaint. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007). It cannot be assumed, for purposes of the defendant's motion and this Report, that the grievance alluded to by the defendant Brown is the only grievance filed by Nixon against Brown, or filed by Nixon concerning the alleged abridgment of his exercise of his religious beliefs. Nor does the record contain evidence establishing those steps that the plaintiff must have taken in order to exhaust his available administrative remedies within the Miami-Dade Department of Corrections and Rehabilitation ("MDDCR"). It is apparent that in order to determine whether the complaint may be subject to dismissal under §1997e(a) will require further development of the record.

As correctly noted by the defendant, and demonstrated on the docket (DE#15, Notice of Change of Address), the plaintiff is no longer incarcerated in the MDDCR. He has provided a street address. As such, his claims for declaratory and injunctive relief were rendered moot by his release from custody. <u>See</u> <u>Spears v. Thigpen</u>, 846 F.2d 1327 (11 Cir. 1988), <u>cert. denied</u>, 488 U.S. 1046

3

(1989)(inmate's transfer or release from prison moots his claims for declaratory or injunctive relief).

Defendant Brown also correctly argues that in the absence of a showing of physical injury in connection with the claims, the plaintiff Nixon's recovery of damages is limited by 42 U.S.C. §1997e(e). Here, Nixon has not alleged any concrete physical injury resulting from the alleged abridgments of his First Amendment right to Free Exercise of his religious beliefs. Therefore, Nixon is necessarily foreclosed from recovery of compensatory or punitive damages, Harris v. Garner, 190 F.3d 1279, 1286-87 (11 Cir. 1999), vacated in part and reinstated in part, Harris v. Garner, 216 F.3d 970, 984-85 (11 Cir. 2000) (en banc), but he is not necessarily foreclosed from recovering nominal damages, see Hughes v. Lott, 350 F.3d 1157, 1162 (11 Cir. 2003)(holding that §1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). In this case, the plaintiff Nixon, as a *pro se* litigant, has requested "reasonable monetary compensation," a term which it appears, construing the *pro se* complaint liberally, should be deemed to include a request at least for nominal damages. See Wilson v. Moore, 270 F.Supp.2d 1328, 1332 (N.D.Fla. 2003)(action in which plaintiff did not specifically request nominal damages), citing cases, including: Memphis Community School District v. Stachura, 477 U.S. 299, 308-309, n.(1986) (noting that nominal damages are an appropriate means of "vindicating" rights whose deprivation has not caused actual, provable injury), and Allah v. Al-Hafeez, 226 F.3d 247, 251 (3 Cir. 2000) (finding "it is not necessary to allege nominal damages").

### III   Conclusion

It is therefore recommended: 1) that defendant Brown's motion to dismiss (DE#21) be Granted, in part, to the extent that plaintiff is foreclosed under 42 U.S.C. §1997e(e) from recovery of compensatory or punitive damages, and to the extent that plaintiff's release has rendered moot any claims by plaintiff for declaratory or injunctive relief; and that Brown's motion otherwise

4

be denied; and 2) that the complaint remain pending on plaintiff's claim that Brown abridged his right to Free Exercise of his religious beliefs by preventing him from worshiping, and by confiscating his Kufi cap, as alleged in the complaint.

    Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

    Dated: September 18th , 2009.

                                             UNITED STATES MAGISTRATE JUDGE

cc:   Dwight D. Nixon, Pro Se
      1131 N.W. 184th Drive
      Miami, FL 33169

      Marlon Delano Moffett, Esquire
      Miami-Dade County Attorney's Office
      111 N.W. 1st Street, Suite 2810
      Miami, FL 33128